IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY M. SPIVEY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-1256-N-BT |
| | § | |
| ABSENTIA PICTURES LLC, *et al.*, | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Zachary Spivey filed his Complaint in this action against Defendants Absentia Pictures, LLC; Summer Hill Films, LLC; Diceman House Cinema, LLC ("Diceman"); and Fox Hollow Features, LLC on May 24, 2019. Compl. 1 (ECF No. 1). Because Plaintiff has not served his lawsuit on Defendant Diceman as he has on all the other defendants, the District Court should dismiss the action as to Diceman without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff

shows both (1) good cause for his failure to timely and properly effect service *and* (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Here, Plaintiff paid the statutory filing fee and is, therefore, responsible for properly serving Diceman, a named defendant, with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. Plaintiff filed his Complaint more than 90 days ago and has not filed proof of service on Diceman with the Court. Accordingly, the District Court should DISMISS Plaintiff's Complaint as against Diceman without prejudice. If Plaintiff files a valid return of service as to Diceman or shows good cause in writing before the deadline for objecting to these findings, conclusions, and recommendation expires, the magistrate judge will withdraw the recommendation to dismiss.

**SO RECOMMENDED.**

October 2, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).