IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY M. SPIVEY,          § | | |
|     Plaintiff,           § | | |
| § | | |
| v.          § | Case No. 3:19-cv-1256-N-BT | |
| § | | |
| ABSENTIA PICTURES LLC,          § | | |
|     Defendant.          § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court in this intellectual property dispute is Plaintiff Zachary Spivey's Motion to Strike (ECF No. 12). For the reasons stated, the District Court should GRANT Spivey's motion.

Spivey sued Defendant Absentia Pictures LLC (Absentia) and others on May 24, 2019 for copyright infringement. Compl. 1, 3, ¶¶ 2-5, 22-32 (ECF No. 1). Absentia is the only remaining defendant in the matter. It answered the lawsuit *pro se* on July 1, 2019 generally denying the facts Spivey alleged in his copyright infringement claim. Answer 2-3, ¶¶ 23-32 (ECF No. 10). Spivey then filed the instant motion to strike Absentia's answer because corporate entities cannot proceed *pro se* in federal court. Mot. Strike 1. On August 14, 2019, the District Court *sua sponte* granted Absentia a forty-five days to retain counsel and file an appropriate answer. Order (ECF No. 14). Absentia responded by filing two letters (ECF Nos. 15 & 16) asserting that it lacks the financial resources to retain counsel and moving for appointment of counsel. This Court denied Absentia's motion for

appointment of counsel by Order dated October 2, 2019 concluding that it did not have authority to appoint counsel for a corporate entity in a civil matter. Order 2 (ECF No. 18). The Court further granted Absentia 30 days from the date of the Order to appear in the case through counsel, explaining that should Absentia fail to do so, it would recommend that the District Court grant Spivey's Motion to Strike and direct Spivey to move for entry of default and a default judgment against Absentia.[1] *Id.* at 3. Absentia did not appear in the case through counsel within 30 days of October 2, 2019 as ordered. To date, Absentia has not retained counsel.

An LLC may not represent itself in federal court. *Yanmar Am. Corp. v. Vina Tractor Co.*, 2013 WL 12123943, at *1 (N.D. Tex. Mar. 20, 2013) (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporate defendant answers a lawsuit *pro se*, it is appropriate to strike the answer. *Argonaut Midwest Ins. Co. v. XP Servs., Inc.*, 2013 WL 12140407, at *1-2 (S.D. Tex. Mar. 13, 2013); *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, 2013 WL 1668206, at *5 (S.D.N.Y. Apr. 18, 2013).

Accordingly, the District Court should GRANT Spivey's Motion to Strike (ECF No. 12) and strike Absentia's improper answer in this case.

**SIGNED** November 15, 2019.

                                                                REBECCA RUTHERFORD
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] On November 6, 2019, Spivey requested the Clerk of Court to issue entry of default against Absentia (ECF No. 21).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).